UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ROBERT LENKNER, et al., | No. 2:17-cv-1839-JAM-CMK |
|---|---|
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| COUNTY OF TEHAMA, a municipal corporation; and DOES 1-50, | |
| Defendants. | |

Plaintiffs seek a temporary restraining order (TRO) and preliminary injunction enjoining Defendant Tehama County from conducting hearings, assessing penalties prior to a hearing, or carrying out an enforcement action pursuant to Tehama County Ordinance § 9.06.035. See Plaintiffs' Proposed Order, ECF No. 1-3. Plaintiffs are Tehama County residents who received notices from Defendant that they are in violation of § 9.06.035 and penalties would begin to accrue against them, starting September 7, 2017, prior to a hearing on the matter. Lenkner Decl., Exh. 1. Plaintiffs argue that the ordinance violates their due process rights by denying them financial resources and interest in their real property without procedural due process. Mot., ECF No. 1-2,

1

at 4-5.  Plaintiffs also allege a Fourth Amendment claim for unlawful, warrantless searches.  See Compl.

Defendant filed its Opposition on September 7, 2017, and Plaintiffs replied the following day.  ECF Nos. 10 & 11.

To obtain either a TRO or preliminary injunction, a plaintiff must satisfy the four-factor test set out in Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008).  She must establish that she (1) is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest.  Id. at 20.

Plaintiffs have not shown that irreparable harm is likely.  See id. (holding that irreparable harm must be likely, not just possible).  Plaintiffs will only owe penalties after an adverse finding at a hearing.  See Lenkner Decl., ECF No. 1-4, Exh. 1.  Such monetary injuries are not considered irreparable.  Lydo Enterprises, Inc. v. City of Las Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984).  Further, as Defendant points out, a lien will only issue against Plaintiffs' real property after an administrative hearing which results in an adverse finding, and, then, only if the assigned penalties are not paid within ninety days.  Opp. at 2-3 (citing Ordinance § 9.06.165).  An appeal to the Superior Court would also delay further action.  Id.  At this point, the alleged adverse impact on Plaintiffs' real property interest is speculative.

Plaintiffs also have not shown that they are likely to succeed on the merits of their claim.  Although penalties begin

to accrue prior to a hearing date, Plaintiffs are not required to pay any penalty until after a full administrative hearing, which may be subject to an appeal that further extends the due date. See Ordinance § 9.06.165. Plaintiffs have not shown that this procedure is insufficient under Mathews v. Eldridge, 424 U.S. 319 (1976). To the extent Plaintiffs contend that Defendant's compliance procedures amount to an unlawful search under the Fourth Amendment, Plaintiffs' brief is both factually and legally insufficient to persuade the Court that they are likely to succeed on this claim.

For the reasons set forth above, Plaintiffs' Application for Temporary Restraining Order and Preliminary Injunction is DENIED.

IT IS SO ORDERED.

Dated: September 11, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE