UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LENKNER, et al., | No. 2:17-cv-01839-JAM-CMK |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| COUNTY OF TEHAMA, | |
| Defendant. | |

Certain citizens of Tehama County seek to contest the County's procedures for issuing citations and assessing fees for alleged public nuisances. The Defendant County moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, Defendant's motion is granted with leave to amend.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The following allegations are taken as true for the purposes for this motion:

Plaintiffs are citizens of Tehama County and the Bilton

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 21, 2017.

Family Revokable [*sic*] Trust. Compl. ¶¶ 5-6. On August 31, 2017, Plaintiffs received letters from County of Tehama ("Defendant") informing them that they were in alleged violation of a county ordinance and that their use of their residential properties had created a Public Nuisance. Id. at ¶¶ 9-10. "The notices stated that the effective accrual date for the subject penalties was to begin Tuesday, September 5, 2017, at a rate of $1,000 per day, prior to any hearing on the subject matter." Id. at ¶ 10. Plaintiffs contend that the accrual of administrative penalties before a hearing is a violation of their due process rights and an attempt to intimidate Plaintiffs to abandon their right to be heard and to object to a search of their property. Id. They further allege that the ordinance allows a lien to be placed on real property and a forced sale in order to satisfy unpaid penalties. Id. at ¶ 11.

Plaintiffs assert two causes of action. First, Plaintiffs claim Tehama County Code Chapter 9.06—apparently the ordinance on which the notices were based—deprives them of due process of law under the Fifth and Fourteen Amendments and their right to be free from unreasonable search and seizure. Id. at ¶¶ 11-12. Second, Plaintiffs claim that Defendant requires them to consent to a warrantless search and thus deprives them of their Fourth Amendment rights. Id. at ¶ 13.

When Plaintiffs filed this action, they sought a Temporary Restraining Order and Preliminary Injunction enjoining Defendant from conducting a hearing pursuant to Tehama County Ordinance § 9.06.035, from assessing administrative penalties or enforcement costs prior to a hearing, and from any enforcement

actions pursuant to the ordinance. Motion for Temporary Restraining Order, Proposed Order, ECF No. 1-3. The Court denied the motion because Plaintiffs had not shown they were likely to succeed on the merits of their claim or that they were likely to suffer irreparable harm in the absence of preliminary relief. Order, ECF No. 12. Defendant filed a Motion to Dismiss on October 12, 2017. ECF No. 14. Plaintiffs did not oppose the Motion to Dismiss but instead filed a First Amended Complaint on November 9, 2017. ECF No. 19. The Court ordered the First Amended Complaint stricken because it was filed outside of the 21-day window permitted under Federal Rule of Civil Procedure 15(a). ECF No. 22. Defendant's Motion to Dismiss is before the Court unopposed.

## II. OPINION

### A. Legal Standard

While the Rule 8 pleading standard does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A pleading is insufficient if it merely offers "labels and conclusion" or "naked assertions devoid of further factual enhancement." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007)) (quotation marks omitted). On a motion to dismiss for failure to state a claim, the Court's review is limited to the Complaint. See Farr v. United States, 990 F.2d 451, 454 (9th Cir. 1993).

### B. Analysis

The Court is compelled to dismiss the Complaint because it is devoid of factual allegations supporting Plaintiffs' claims.

On the first cause of action, Plaintiffs allege that penalties will accrue prior to any hearing on the subject matter. Plaintiffs have not alleged any other facts concerning the hearing or process, facts concerning the ordinance, or facts concerning Plaintiffs' activities that caused the notices to issue. See Compl. Furthermore, the Court remains unconvinced that the accrual of penalties prior to hearing is a due process violation where penalties do not become due until after notice and a hearing. See Order, ECF No. 12.

As to the search and seizure allegations—included under both the first and second cause of action—the Complaint contains no facts supporting the claim that Plaintiffs are forced to consent to a warrantless search.

In sum, Plaintiffs' bare and conclusory allegations fail to state a plausible claim for relief and the Complaint must be dismissed. Defendant asks the Court to grant their motion without leave to amend. However, as the Complaint represents Plaintiffs' first attempt to plead their case and the Court is not yet convinced that amendment is futile, leave to amend is granted.[2]

III. ORDER

For the reasons set forth above, the Court GRANTS

---

[2] The Court issued a Status (Pre-trial Scheduling) Order in this case on the same day Plaintiffs filed their First Amended Complaint. ECF Nos. 18 & 19. The Order states that no further joinder of parties or amendments to pleadings is permitted except with leave of court. Under the circumstances, and for the reasons stated in this Order, Plaintiffs are permitted leave to amend their complaint. Any amendment beyond that is subject to the restrictions in the Court's Status Order.

Defendant's Motion to Dismiss with leave to amend.  Plaintiffs' amended complaint must be filed within twenty days from the date of this Order.  Defendant's responsive pleading is due within twenty days thereafter.

Plaintiffs' Motion to Amend, ECF No. 23, is dismissed as moot.

IT IS SO ORDERED.

Dated: December 6, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE