1

2

3

4

5

6

7

8                 **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    KEN ZIU THANG, et al.,                          No. 2:17-CV-1839-JAM-DMC

12                    Plaintiffs,

13          v.                                         <u>FINDINGS AND RECOMMENDATIONS</u>

14    COUNTY OF TEHAMA,

15                    Defendant.

16

17                  Plaintiffs, who are proceeding with retained counsel, bring this civil action.

18    Pending before the court are defendant's unopposed motions for terminating sanctions as to

19    plaintiffs Ken Ziu Thang (Doc. 51), Shannon Saetern (Doc. 52), and John Alderton (Doc. 53).[1]

20    The matters were submitted on the briefs without oral argument after plaintiffs failed to file any

21    opposition to defendant's motions. <u>See</u> Doc. 62 (January 29, 2019, order vacating hearing).

22                  On December 7, 2018, the court granted defendant's motions to compel plaintiffs

23    Thang, Saetern, and Alderton to provide discovery. <u>See</u> Doc. 48 (December 7, 2018, order).

24    Specifically, the court directed plaintiffs Thang and Saetern to provide notarized and verified

25    responses to written discovery requests on or before December 14, 2018, without objections. <u>See</u>

26    <u>id.</u> at 6. The court also directed plaintiff Alderton to appear for his deposition on or before

27    _____

28          [1]      Plaintiffs Thang, Saeturn, and Alderton are the only three remaining plaintiffs to
      this action.

December 14, 2018.  See id.  Finally, the court ordered plaintiffs to pay reasonable attorney's fees and costs.  The court warned plaintiffs failure to comply could be grounds for terminating sanctions.  As outlined in defendant's current unopposed motions, plaintiffs have failed to comply with any portion of the December 7, 2018, order.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to follow local rules, see Ghazali, 46 F.3d at 53, failure to comply with an order to file an amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996), and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993).

In this case, the court finds terminating sanctions are appropriate.  First, plaintiffs were warned failure to comply with the court's December 7, 2018, order could result in terminating sanctions.  Second, defendant's ability to prepare a defense is prejudiced by plaintiffs' failure to provide discovery.  Third, given plaintiffs' continued non-compliance despite the court's prior warning and imposition of monetary sanctions, it appears a less drastic alternative to dismissal is not available nor would any less drastic alternative be effective.  Finally, the public's interest in an expeditious resolution of this matter on the merits as well as the

court's ability to manage its docket of open cases are both thwarted by plaintiffs' failure to prosecute this action by providing discovery responses when required under the rules and ordered by the court.

For these reasons, as well as plaintiffs' failure to file an opposition to defendant's motions for terminating sanctions, and good cause appearing therefor, the court finds defendant's motions should be granted and this action should be terminated as to the three remaining plaintiffs.  <u>See</u> Fed. R. Civ. P. 37(b)(2)(v).

With respect to defendant's requests for an award of reasonable expenses under Federal Rule of Civil Procedure 37(a)(5)(A), the requests should be denied.  Defendant's motions seek terminating sanctions under Rule 37(b)(2)(v) based on plaintiffs' failure to comply with the court's December 7, 2018, order.  Expenses under Rule 37(a)(5)(A) are awarded to parties who prevail on a motion to compel discovery responses, not on a motion based on non-compliance with a discovery order.  Defendant has already been awarded prevailing party expenses under Rule 37(a)(5)(A) and the court herein recommends defendant be granted the relief it seeks in terms of terminating sanctions under Rule 37(b)(2)(v).  A further award of reasonable expenses under Rule 37(a)(5)(A) is not warranted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned recommends that:

       1.      Defendant's motions for terminating sanctions as to plaintiffs Thang, Saetern, and Alderton (Docs. 51, 52, and 53) be granted;

       2.      Defendant's requests for reasonable expenses under Federal Rule of Civil Procedure 37(a)(5)(A) as to plaintiffs Thang, Saetern, and Alderton be denied; and

       3.      The action be dismissed in its entirety without prejudice.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 7, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4